# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

| | |
|---|---|
| United States of America<br>v.<br>Kyle John Hughes, and<br>Daniel Silvestre Melo<br><br>*Defendant(s)* | )<br>)<br>)  Case No. 5:24-mj-70491-MAG<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __March 7, 2024__ in the county of __Santa Clara__ in the __Northern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) | Unlawful distribution of, and possession with intent to distribute, fentanyl (both defendants) |
| 18 U.S.C. § 922(g)(1) | Felon in possession of a firearm and/or ammunition (defendant Melo only) |

This criminal complaint is based on these facts:

See attached complaint affidavit.

☑ Continued on the attached sheet.

/s/ Keith Holt/SvK w/permission
*Complainant's signature*

Approved as to form __/S/__
AUSA Charles F. Bisesto

Keith Holt, HSI Special Agent
*Printed name and title*

Sworn to before me by telephone.

Date: __03/27/2024__

*Susan van Keulen*
*Judge's signature*

City and state: __San Jose, California__

Hon. Susan van Keulen, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Keith Holt, Special Agent with the Department of Homeland Security (DHS), Homeland Security Investigations (HSI), being duly sworn, state as follows:

### INTRODUCTION

1. I am an "investigative or law enforcement officer of the United States" within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.

2. I make this affidavit in support of a criminal complaint charging **Kyle John HUGHES**, with illegal distribution of fentanyl in violation of Title 21, United States Code 841(a)(1) and (b)(1)(C), and **Daniel Silvestre MELO,** with possession with intent to distribute fentanyl in violation of Title 21, United States Code 841(a)(1) and (b)(1)(C), and with being a felon in possession of a firearm and ammunition in violation of Title 18, United States Code, Section 922(g)(1).

3. The facts in this affidavit come from my personal observations, my training and experience, information from records and databases, and information obtained from other agents and witnesses. In addition, where statements made by other individuals (including other Special Agents and law enforcement officers) are referenced in this Affidavit, such statements are described in sum and substance and in relevant part. Similarly, where information contained in reports and other documents or records are referenced in this Affidavit, such information is also described in sum and substance and in relevant part.

4. Because this Affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint, I have not included each and every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause for a criminal complaint.

## AGENT BACKGROUND

5.  I have been a Homeland Security Investigations ("HSI") Special Agent since 2018, and I am currently assigned to the HSI Monterey Office. During my employment with HSI, I successfully completed the Criminal Investigator training at the Federal Law Enforcement Training Center at Glynco, Georgia. The Criminal Investigator training course included training in federal laws, rules of criminal procedure and evidence and investigative techniques.

6.  As a Special Agent, I have conducted or participated in criminal investigations involving violations including, but not limited to, transnational criminal organizations, illegal exports, narcotics trafficking, money laundering, wire fraud, contraband smuggling, and conspiracies to commit these crimes. These investigations have involved the use of confidential informants, wire and physical surveillance, telephone toll analysis, investigative interviews, the service of search and arrest warrants, and TIII investigations. I have conducted investigations into the unlawful importation, possession with intent to distribute, distribution of controlled substances, related laundering of monetary instruments, the conducting of monetary transactions involving the proceeds of specified unlawful activities, and conspiracies associated with illegal exportation and contraband smuggling offenses, in violation of 21 U.S.C. §§ 841 (a)(1) (distribution/manufacturing/possession with intent to distribute), 21 U.S.C. 841 (conspiracy to commit), 18 U.S.C. §§ 922(g)(1) (felon in possession of a firearm), 18 U.S.C. § 922(a)(1)(A) (dealing/manufacturing firearms without a license), 18 U.S.C. § 554 (smuggling goods from the United States), and 26 U.S.C. § 5861 (possession/transfer of an unregistered firearm).

7.  In conducting these investigations, I have employed a variety of investigative techniques, including physical and electronic surveillance, analysis of telephone records and pen register data, interviewing witnesses, service of search and arrest warrants, and the drafting of criminal complaints, as well as handling informants, cooperating defendants and sources of information. In the course of these investigations I have, at various times, participated in, planned and/or supervised numerous instances of physical surveillance, wire surveillance, and

electronic surveillance. Moreover, I have directed undercover agents and informants and have monitored meetings and consensual telephone conversations involving undercover agents and informants. I have participated in numerous hours of surveillance of transnational criminal organizations. During surveillance, I have personally observed narcotics transactions, counter-surveillance techniques, and the methods of contraband trafficking used to conduct clandestine meetings. I have authored and participated in Title III investigations which are court-authorized wire interceptions used in narcotics investigations. I have participated in seizures of firearms, narcotics and illegal proceeds that resulted from the monitoring of these types of conversations. I have interviewed numerous traffickers after their arrests, as well as confidential sources, and discussed with them the meaning of their coded language used during the course of the commission of these offenses.

8. I have been involved in the execution of many state and federal search warrants. As a result, I have encountered and become familiar with the various tools, methods, trends, paraphernalia, and related articles used by traffickers and trafficking organizations in their efforts to import, conceal, manufacture, and distribute illegal contraband.

9. I have also had discussions with other law enforcement officers and confidential sources about the packaging and preparation of illegal contraband, the methods of operation, and security measures which are often employed by traffickers. I have examined documentation of various methods in which illicit contrabands are smuggled, transported, and distributed.

10. Furthermore, I have interviewed many traffickers, and confidential informants and have discussed with them the lifestyle, appearances, and habits of traffickers. I have become familiar with the manner in which traffickers smuggle, transport, store, and distribute, as well as how they collect and launder illicit proceeds. I am also familiar with the manner in which traffickers use telephones, cellular telephone technology, digital cameras, laptop computers, coded communications or slang-filled telephone conversations, false or fictitious identities, and other means to facilitate their illegal activities and thwart law enforcement investigations.

11. I have participated in multiple Organized Crime Drug Enforcement Task Force (OCDETF), and Organized Crime Strike Force investigations. OCDETF is a task force comprised of multiple law enforcement agencies that jointly investigate drug trafficking organizations, involving transnational criminal organizations. Through these investigations, I have gained expertise in the use of a variety of law enforcement techniques, including the application and utilization of electronic and wire interceptions, the utilization of confidential informants, the use of physical surveillance techniques including the use of recorders and various other types of electronic surveillance techniques such as body wires and transmitters. I have also gained knowledge and expertise in the collection and identification of trafficking evidence.

12. I have personally participated in the investigation set forth below. I am familiar with the facts and circumstances of the investigation through my personal participation; from discussions with HSI Special Agents, and other law enforcement agencies; and from my personal review of records and reports relating to the investigation. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information was provided by another HSI or law enforcement officer, or witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken, or whose reports I have read and reviewed. Such statements are among many statements made by others and are stated in substance and in part unless otherwise indicated.

13. The information contained in this affidavit is known to me as a result of my personal participation in this investigation or was relayed to me by other law enforcement investigators in this case. This affidavit is intended to show that there is probable cause for issuance of the search warrant and does not purport to set forth all of the evidence gathered to date in this investigation.

**FACTS SUPPORTING PROBABLE CAUSE**

14. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇



15.

███████████████████████████████████████

### B. Surveillance on March 7, 2024

20. In anticipation of a potential drug deal at HUGHES' apartment complex, agents began conducting surveillance at 150 Palm Valley Blvd. in San Jose, California on the morning of March 7, 2024. ██████████████████████████████████████████ I believe this is an apartment complex where HUGHES resides. This apartment complex is a multi-unit building with many residents. The name of the complex is "Santa Palmia at Palm Valley Apartments."

21. On March 7, 2024, at approximately 11:05 a.m., an HSI Agent entered the underground garage underneath the apartment complex and located a 2019 GMC bearing California license 9JLK830 (hereafter referred to as the "GMC") inside stall number 7. That specific GMC is registered to Kyle John HUGHES.

22. At approximately 11:18 a.m., surveillance observed HUGHES enter the GMC and exit the underground parking garage. Surveillance units followed HUGHES to a storage unit at "Secure Space Self Storage San Jose Teresa," which is located at 6880 Santa Teresa Blvd in San Jose, CA. HUGHES parked the GMC and entered the storage building. The interior of the building contained multiple storage units that were not visible from the exterior of the building.

23. At approximately 11:42 a.m., HUGHES was seen driving the GMC away from the storage unit building. Agents surveilled HUGHES directly back to his apartment complex and into the underground garage. After entering the garage, HUGHES parked and exited his car and appeared to enter the apartment building. At approximately 12:30 p.m., surveillance observed HUGHES walk back to the GMC from the apartment building. At this time, HUGHES was carrying two plastic shopping bags. HUGHES placed the shopping bags into the GMC and entered the vehicle. HUGHES then exited the underground parking garage and proceeded to drive to the front of the apartment complex. At the front of the apartment complex HUGHES pulled up to the curb line, behind a GMC pickup truck. HUGHES exited the GMC carrying one of the plastic bags, handed the bag to the driver of the GMC truck and began talking to the driver of the GMC truck.

24. While HUGHES was still conversing with the driver of the GMC truck, surveillance observed a white Cadillac pull up behind the GMC. HUGHES and the driver of the GMC truck concluded their conversation, and the driver of the GMC departed the area. While carrying a second white plastic grocery bag, HUGHES walked over to the Cadillac and handed the bag to the driver. Agents observed that the driver of the Cadillac appeared to be alone at the time. Agents were also able to identify the driver as Daniel MELO, the owner of "Melo Cutz" in

Salinas, California.  After the interaction with HUGHES, The Cadillac departed the area, and surveillance continued to follow the car. The Cadillac then departed the San Jose area south on Highway 101.



26.     Surveillance units maintained visual of the Cadillac until it parked in the rear of "Melo Cutz LLC." at 1948 N Main St, Salinas, CA 93906.  As noted previously, I know "Melo Cutz" is a barbershop operated by MELO.  A Salinas Police Department Officer subsequently obtained a search warrant, signed by the Monterey County Honorable Judge Rivamonte for Melo Cutz LLC. and the Cadillac (Reference Monterey County Search Warrant 24SW000276).

        C.      **Search Warrant at Melo Cutz in Salinas, California**

27.     At approximately, 2:53 p.m., Agents and Officers executed the search warrant for Melo Cutz LLC. located at 1948 N Main St, Salinas, CA 93906.  Upon entering the business, agents saw MELO and immediately took him into custody.  During MELO's arrest he made the statement that "as soon as you open the door I'm fucked."  Agents believed that MELO was referring to his Cadillac when he made this statement.

28.     After MELO's arrest, officers went to search his car in the parking lot for Melo Cutz.  From outside the car, officers could see a firearm in the cup holder.  A plastic bag, consistent with the bag HUGHES was seen providing MELO in San Jose, was observed on the front passenger seat.  Once the Cadillac was unlocked, Officers and Agents conducted a search

and retrieved the firearm from the cup holder.  Agents identified this gun as a loaded black Glock 27 firearm (serial number BPUP153) loaded with .40 caliber Smith and Wesson ammunition. The firearm was reported stolen out of Porterville, CA on February 5, 2023.  Officers also found a plastic grocery bag on the front seat.  Inside the plastic bag was a cereal box.  Inside the cereal box, Officers found approximately 1 kilogram of suspected fentanyl pills, and a baggie containing 27 grams of suspected heroin.  In a separate bag located in the center console, officers found another 29 grams of suspected heroin.

29. Based on my training and experience, I believe that the firearms and ammunition possessed by MELO had been shipped or transported in interstate and/or foreign commerce because Glocks are not manufactured in California.

D. **Basis for the proposed charges**

30. Based on my investigation, I also know that MELO has been previously convicted of a felony punishable by an imprisonment term exceeding one year.  In April 2016, MELO was convicted of "Inflicting corporal injury on spouse/cohabitant," a felony violation of California Penal Code § 273.5.  In November of 2017, MELO was convicted of "Possession for sale-controlled substance," a felony violation of California Health and Safety Code § 11351.  MELO was subsequently sentenced for both charges to 4 years in prison.  I believe MELO was aware of his felony status because he was sentenced to 4 years in prison.   As a result, I believe MELO was prohibited from possessing a firearm under the provisions of 18 U.S.C. §922(g)(1).

31. Additionally, based on [redacted] the surveillance conducted on the morning of March 7, 2024, I believe HUGHES provided MELO with the kilogram of suspected fentanyl pills and 27 grams of heroin when they met in front of HUGHES' apartment complex.  As a result, I believe probable cause exists to arrest HUGHES for a violation of 21 U.S.C. §§ 841(a)(1) for illegally distributing the drugs.

32. More specifically, after the fentanyl pills were seized, they were transported to the Customs and Border Protection narcotics laboratory in San Francisco.  On March 25, 2024, the

lab conducted a preliminary test on the fentanyl pills. The pills tested positive for the presence of fentanyl. Because the distributed drugs were determined to include fentanyl, a Schedule II controlled substance, there is probable cause to charge HUGHES with a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

## CONCLUSION

33. Based on the foregoing, I hereby assert that probable cause exists to believe that **Kyle John HUGHES** and **Daniel Silvestre MELO** violated 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and furthermore that **MELO** is in violation of 18 U.S.C. §§ 922(g).

I declare under penalty of perjury that the statements in this affidavit are true and correct to the best of my knowledge and belief.

/s/ Keith Holt/SvK w/permission
KEITH HOLT
Special Agent
Homeland Security Investigations

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) on this 27th day of March 2024.

HON. SUSAN VAN KEULEN
United States Magistrate Judge

10

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: [X] COMPLAINT    [ ] INFORMATION    [ ] INDICTMENT    [ ] SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA
DIVISION- SAN JOSE

## OFFENSE CHARGED

21 U.S.C. §§ 841(a)(1) & (b)(1)(C)- Unlawful distribution of, and possession with intent to distribute, fentanyl

[ ] Petty
[ ] Minor
[ ] Misdemeanor
[X] Felony

PENALTY:
Maximum imprisonment – 20 years
Supervised release term – 3 years minimum, life maximum
Maximum fine – $1,000,000
Special assessment – $100

### DEFENDANT - U.S

► Kyle John Hughes

DISTRICT COURT NUMBER
5:24-mj-70491-MAG

## PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)
Homeland Security Investigations

[ ] person is awaiting trial in another Federal or State Court, give name of court

[ ] this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

[ ] this is a reprosecution of charges previously dismissed which were dismissed on motion of:
[ ] U.S. ATTORNEY    [ ] DEFENSE

SHOW DOCKET NO.

[ ] this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

[ ] prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form    ISMAIL J. RAMSEY

[X] U.S. Attorney    [ ] Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    Charles F. Bisesto

### DEFENDANT

**IS NOT IN CUSTODY**

1) [X] Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ►

2) [ ] Is a Fugitive

3) [ ] Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) [ ] On this charge

5) [ ] On another conviction    [ ] Federal [ ] State

6) [ ] Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? [ ] Yes [ ] No
If "Yes" give date filed

DATE OF ARREST ► Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ► Month/Day/Year

[ ] This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
[ ] SUMMONS    [ ] NO PROCESS*    [X] WARRANT    Bail Amount: _____

If Summons, complete following:
[ ] Arraignment [ ] Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____ Before Judge: _____

Comments:

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: [X] COMPLAINT [ ] INFORMATION [ ] INDICTMENT
[ ] SUPERSEDING

**OFFENSE CHARGED**

21 U.S.C. §§ 841(a)(1) & (b)(1)(C)- Unlawful distribution of, and possession with intent to distribute, fentanyl
18 U.S.C. § 922(g)(1)- Felon in possession of a firearm and/or ammunition

[ ] Petty
[ ] Minor
[ ] Misdemeanor
[X] Felony

PENALTY: 21 U.S.C. §§ 841(a)(1) & (b)(1)(C): 20 years imprisonment, 3 years to life supervised release, $1,000,000 fine, $100 special assessment.
18 USC § 922(g)(1): 10 years' imprisonment, 3 years supervised release, forfeiture, $250,000 fine, $100 special assessment.

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
DIVISION- SAN JOSE

**DEFENDANT - U.S**

Daniel Silvestre Melo

DISTRICT COURT NUMBER
5:24-mj-70491-MAG

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
Homeland Security Investigations

[ ] person is awaiting trial in another Federal or State Court, give name of court

[ ] this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

[ ] this is a reprosecution of charges previously dismissed which were dismissed on motion of:
[ ] U.S. ATTORNEY [ ] DEFENSE

SHOW DOCKET NO.

[ ] this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

[ ] prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form    ISMAIL J. RAMSEY
[X] U.S. Attorney [ ] Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    Charles F. Bisesto

**DEFENDANT**

**IS *NOT* IN CUSTODY**

1) [X] Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶ _____

2) [ ] Is a Fugitive

3) [ ] Is on Bail or Release from (show District)
_____

**IS IN CUSTODY**

4) [ ] On this charge

5) [ ] On another conviction    [ ] Federal  [ ] State

6) [ ] Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution
_____

Has detainer been filed? [ ] Yes  [ ] No    If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

[ ] This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
[ ] SUMMONS [ ] NO PROCESS* [X] WARRANT    Bail Amount: _____

If Summons, complete following:
[ ] Arraignment [ ] Initial Appearance

Defendant Address:
_____

Comments:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____    Before Judge: _____